**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARLOS ANTONIO JORGES MENDEZ,

     Petitioner,

v.

                              Case No. 1:26-cv-01448-MIS-DLM

U.S IMMIGRATION AND CUSTOMS
ENFORCEMENT; ATTORNEY GENERAL
OF THE UNITED STATES; AND
WARDEN, Oter County Processing Center,

     Respondents.

**ORDER DENYING MOTION FOR EXTENSION OF TIME AND GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Carlos Antonio Jorges Mendez's Petition

for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 6, 2026.  Petitioner is an immigration

detainee at the Otero County Detention Center.  Id. ¶ 3.  Petitioner is a seventy-one-year-old citizen

of Cuba who entered the United States without inspection in November, 1984.  Id. ¶¶ 25-26.

Petitioner was sentenced to federal detention in 2010 for drug-related offenses and placed in

immigration removal proceedings.  Id. ¶¶ 27-28.  On or about May 26, 2016, Petitioner received a

final order of removal.  Id. ¶ 29.  On or about October 20, 2016, Petitioner completed his prison

sentence and was placed under an Order of Supervision by U.S. Immigration and Customs

Enforcement ("ICE").  Id. ¶ 30.  Petitioner then resided freely within the United States for nearly

ten years, complying with all immigration requirements and working as a UPS driver before

retiring and becoming a caretaker for his adult daughter, who has stage four cancer, and her

children.  Id. ¶ 31.  Nevertheless, on or about November 3, 2025, Petitioner was detained by ICE,

without explanation, while attending a regularly scheduled immigration appointment.  Id. ¶ 32.  He has been detained ever since.  Id. ¶ 33.

On May 6, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, arguing that his prolonged detention in excess of six months violates his rights under the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act ("INA") because his removal is not reasonably foreseeable.  Id. ¶ 35 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)); see also id. ¶¶ 42-51.  The Clerk's Office served Respondents with the Petition the same day.  ECF No. 3.  On May 7, 2026, the Court ordered Respondents to answer the Petition and show cause why it should not be granted within ten business days—on or before May 21, 2026.  ECF No. 4 at 2.  On May 21, 2026, the Federal Respondents[1] filed a Motion for Extension of Time to respond to the Petition, asserting that ten business days (fourteen calendar days) "does not provide Respondents with sufficient time to consult the appropriate agencies, review the necessary documents and prepare a defense.  Respondents have requested the relevant information from the agencies but are still awaiting documentation."  ECF No. 8 ¶ 2. They seek an extension of one week to respond.  Id. ¶ 10.

a.      **Motion for Extension of Time**

Pursuant to the Federal Rules of Civil Procedure, the Court may extend a deadline "for good cause[.]"  Fed. R. Civ. P. 6(b)(1).  The Court finds that Respondents have failed to show good cause for an extension.  Over the last several months, the federal government has been required to respond to hundreds of similar petitions in this District.  It has routinely been able to gather the

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

relevant information and respond within the ten-business-day window established by the Court. Respondents' Motion does not reveal what information it is seeking or who it is seeking it from. Meanwhile, Petitioner sits in a detention facility.  The Court finds that Respondents have failed to establish good cause for an extension and **DENIES** their Motion.

b.        **Petition for Writ of Habeas Corpus**

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'"  Munaf v. Geren, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)).  A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention.  Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"  8 U.S.C. § 1231(a)(1)(A).  Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal.  However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  Zadvydas, 533 U.S. at 689.  In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention.  Id. at 701.  After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005).  Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional

3

limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

The Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to present evidence sufficient to rebut that showing. To begin with, Petitioner has been detained since November 3, 2025, Pet. ¶¶ 32-33—a period exceeding six months. Thus, the presumptively reasonable period of detention has expired. See Zadvydas, 533 U.S. at 701.

Next, Petitioner argues that there is no significant likelihood of removal in the reasonably foreseeable future, in light of the fact that he has been under a final order of removal since May 26, 2016, and under an Order of Supervision by ICE after being released from BOP custody in October 2016. Id. ¶ 35. Indeed, he asserts that the reason ICE placed him under an Order of Supervision in October 2016 is because ICE determined that it could not remove Petitioner within a reasonable time, id. ¶ 37, a theory that has proven true. "Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden." Naghiyev v. Bondi, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing Lorenzo v. Bondi, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); Jimenez Chacon v. Lyons, 811 F Supp. 3d 1299, 1310-11 (D.N.M. 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)). The Court is satisfied that the Government's failure to remove Petitioner from the United States within the last ten years satisfies Petitioner's burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" Zadvydas, 533 U.S. at 701.

Finally, Respondents wholly failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future."   Id.   To satisfy this burden, Respondents must present evidence in support of their position.   See id. ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (emphasis added)).  The Government has presented none.

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, his continued, indefinite detention violates the Fifth Amendment's Due Process Clause and the INA, and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).  See Gebremskel v. Ortiz, Case No. 1:26-cv-01240-MIS-GBW, 2026 WL 1346552, at *3 (D.N.M. May 14, 2026); Khan v. Sec'y, Dep't of Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *3 (D.N.M. Mar. 19, 2026); Jiminez Chacon, 811 F. Supp. 3d at 1311, 1313; Salazar-Martinez v. Lyons, No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, at *2-3 (D.N.M. Nov. 17, 2025);  Hmung v. Bondi, Case No. CIV-25-1303-J, 2025 WL 3657221, at *4 (W.D. Okla. Dec. 9, 2025), report and recommendation adopted, 2025 WL 3670499 (W.D. Okla. Dec. 17, 2025); Momennia v. Bondi, Case No. CIV-25-1067-J, 2025 WL 3011896, at *8-10 (W.D. Okla. Oct. 15, 2025), report and recommendation adopted, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

**IV.    Conclusion**

Therefore, it is **HEREBY ORDERED** that:

**1.**      Respondents' Motion for Extension of Time, ECF No. 8, is **DENIED**;

2.     Petitioner Carlos Antonio Jorges Mendez's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

3.     Respondents are **ORDERED** to immediately release Petitioner Carlos Antonio Jorges Mendez from custody/detention under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3);

4.     Respondents are **ORDERED** to return all of Petitioner's belongings to Petitioner;

5.     Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release, and no later than five days after entry of this Order; and

6.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE